IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| REMBRANDT PATENT INNOVATIONS, ET AL., | § § § | |
| PLAINTIFFS | § § § | |
| | § § | |
| V. | § § | No. 1:15-CV-438-RP |
| APPLE, INC. , | § § | |
| DEFENDANT | § § | |

## ORDER

Before the Court is the Motion to Quash Subpoena and for Protection filed by Samsung Austin Semiconductor, LLC ("SAS") on May 22, 2015 (Clerk's Dkt. #1).  Plaintiffs Rembrandt Patent Innovations, LLC and Rembrandt Secure Computing, LP (collectively, the "Plaintiffs") filed their Opposition to Motion to Quash Subpoena and for Protection on June 1, 2015 (Clerk's Dkt. 2).  On July 13, 2015, the Court heard oral arguments on the motion to quash.  Having considered the arguments of counsel, the pleadings, the applicable case law and the entire case file, the Court issues the following Order.

## Background

This discovery dispute arises from a lawsuit filed by Plaintiffs against Apple, Inc. ("Apple" or "Defendant") for patent infringement.[1]  Plaintiffs assert a cause of action against Apple under 35 U.S.C. § 271(f), arguing Apple's patent infringement is based, at least in part, on processors sent abroad that are then combined with Apple products outside of the United States.[2]  Plaintiffs allege such processors are designed, manufactured and shipped outside of the United States by

---

[1]Plaintiffs originally filed this lawsuit in the United States District Court for the Eastern District of Texas under Cause No. 2:14-CV-15-JRG.  The lawsuit has since been transferred and is now pending in the Northern District of California under Cause No. 3:14-CV-5093.

[2]Section 271(f) imposes liability for patent infringement where components of a patented invention are combined outside of the United States in a manner that would infringe the patent if such combination occurred within the United States.  35 U.S.C. § 271(f).

SAS, and has subpoenaed documents and testimony from SAS relating thereto (the "Subpoena")[3]. SAS seeks from this Court an order quashing the Subpoena as unduly burdensome under Federal Rule of Civil Procedure 45, and protecting SAS from such discovery requests in the future.

## Standard of Review

The issuance of subpoenas to obtain discovery from non-parties is governed by Federal Rule of Civil Procedure 45.  On timely motion, a court must quash or modify a subpoena if it subjects the person to undue burden.  FED. R. CIV. P. 45(c)(3)(A)(iv).  In determining whether a subpoena subjects a non-party to an undue burden, a court considers: (1) the relevance of the requested information; (2) the party's need for the information; (3) the breadth of the request; (4) the time period covered by the request; (5) the particularity with which the request is described; and (6) the burden imposed.  *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004). The question of undue burden on a non-party requires a court to balance the subpoena's benefits and burdens, and "calls upon the court to consider whether the information is necessary and unavailable from any other source."  *Positive Black Talk, Inc. v. Cash Money Records, Inc.*, 394 F.3d 357, 377 (5th Cir. 2004)(internal citations omitted).  The decision whether to grant a motion to quash under Rule 45 is within the "broad discretion" of the court.  *Id*.

## Discussion

SAS argues the Subpoena should be quashed as unduly burdensome under Rule 45, a claim the Plaintiffs dispute.  Having considered the arguments of counsel and the applicable legal standard, this Court is of the opinion that because the information at issue is available from Apple, a party to the litigation, any interest Plaintiffs have in obtaining said information from a non-party is far outweighed by the burden imposed.

Plaintiffs contend information relating to processors shipped out of the United States and

---

[3]A Subpoena to Testify at a Deposition in a Civil Matter was issued to SAS by the United States District Court for the Eastern District of Texas on September 12, 2014 in Cause No. 2:14-CV-15.

used in Apple products is relevant to their § 271(f) claim against Apple.  Plaintiffs have failed to explain, however, why this information cannot be obtained from the Defendant.  It seems reasonable to assume that information regarding the processors used by Apple in its products would be available from Apple, and Plaintiffs have not shown otherwise.  Plaintiffs indicated during oral argument that the Defendant has not been forthcoming with such information, but acknowledged they have yet to receive a definitive statement from Apple regarding whether such information is available or not.

The Court finds that until and unless Plaintiffs can establish they are unable to obtain the requested information from the Defendant, subpoenaing the information from SAS creates an undue burden that is not outweighed by Plaintiffs' need for the information.  Therefore, the Court finds the Subpoena should be quashed as unduly burdensome under Rule 45.  However, because this Court's ruling contemplates revisiting the issue upon a showing by Plaintiffs that such information is unavailable from Apple, the Court declines to grant SAS' request for protection from future discovery requests.

**IT IS THEREFORE ORDERED** that Samsung Austin Semiconductor, LLC's Motion to Quash Subpoena and for Protection (Clerk's Dkt. #1) is hereby **GRANTED IN PART and DENIED IN PART**.  Accordingly, the Subpoena to Testify at a Deposition in a Civil Matter issued to Samsung Austin Semiconductor, LLC on September 12, 2014 by the United States District Court for the Eastern District of Texas in Cause No. 2:14-CV-15 is hereby **QUASHED**, and Samsung Austin Semiconductor, LLC's request for a protective order from future discovery requests is hereby **DENIED**.

As the Motion to Quash Subpoena and for Protection was the only matter at issue before this Court, it is **FURTHER ORDERED** that this case is hereby **CLOSED**.

**SIGNED** on July 15, 2015.

ROBERT L. PITMAN
UNITED STATES DISTRICT JUDGE